D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
David Arakelyan (SBN 337076)
d.arakelyan@d.law
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiffs VICTOR MANUEL RAMIREZ and NORMAN WISHTEYAH

UNITED STATES DISTRIC COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL RAMIREZ, on behalf of himself and all others similarly situated, and the general public,<br><br>    *Plaintiff*,<br><br>    v.<br><br>HERC RENTALS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>    *Defendants*. | Case No.: 4:24-cv-04160-YGR<br><br>Amended Pursuant to a Joint Stipulation of the Parties<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>6. Failure to Indemnify (Lab. Code § 2802);<br>7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); and<br>8. Civil Penalties (Lab. Code § 2698, *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs VICTOR MANUEL RAMIREZ and NORMAN WISHTEYAH ("Plaintiffs"), on behalf of themselves, all others similarly situated, the State of California, and the general public, complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class and representative action against Defendants HERC RENTALS INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiffs allege that Defendants have:

a.     failed to pay them overtime wages at the correct rate;

b.     failed to pay them double time wages at the correct rate;

c.     failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

d.     failed to provide them with meal periods;

e.     failed to provide them with rest periods;

f.     failed to pay them premium wages for missed meal and rest periods;

g.     failed to provide them with accurate written wage statements;

h.     failed to reimburse them with necessary business expenditures; and

i.     failed to pay them all their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiffs now bring this class and representative action to recover unpaid wages, liquidated damages, civil and statutory penalties, restitution, and related relief on behalf of themselves, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiffs from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.     Venue is proper in the County of San Francisco pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

1    that are the subject matter of this Complaint occurred therein and/or each defendant is found,

2    maintains offices, transacts business and/or has an agent therein.

3        4.    Venue is proper in San Francisco County because Defendants' have at all times

4    alleged herein, conducted business in San Francisco County, and throughout California. As such,

5    venue is proper in any county in California.

6                            **PARTIES**

7        5.    Plaintiff VICTOR MANUEL RAMIREZ is, and at all relevant times mentioned

8    herein, was an individual residing in the State of California.

9        6.    Plaintiff NORMAN WISHTEYAH is, and at all relevant times mentioned herein, was

10   an individual residing in the State of California.

11       7.    Plaintiffs are informed and believe, and thereupon alleges that Defendant HERC

12   RENTALS, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

13   business in the State of California.

14       8.    Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

15   as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

16   Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants

17   when ascertained.   Plaintiffs are informed and believe, and thereupon allege that each of the

18   fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions

19   alleged herein and that Plaintiffs' alleged damages were proximately caused by these defendants, and

20   each of them.  Plaintiffs will amend this complaint to allege both the true names and capacities of the

21   DOE defendants when ascertained.

22       9.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times

23   mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,

24   directors, associates, joint venturers, joint employers, owners, principals or co-participants of some

25   or all of the other defendants, and in doing the things alleged herein, were acting within the course

26   and scope of such relationship and with the full knowledge, consent, and ratification by such other

27   defendants.

28       10.   Plaintiffs are informed and believe, and thereupon allege that, at all relevant times

mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

11.    This action has been brought and may be maintained as a class action pursuant to F.R.C.P. Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

12.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

a.  **Hourly Employee Class**: All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California four years prior to the filing of this action and ending on the date that final judgment is entered in this action ("Hourly Employee Class").

b.  **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

c.  **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

d.  **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

e.  **Wage Statement Class**: All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

f.  **Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

g.  **UCL Class**: All **Hourly Employee Class** and **Expense Reimbursement Class** members employed by Defendants in California during the four years prior to the filing of this action and ending on the date that final judgment is entered in this action.

13.    **Reservation of Rights**:  Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiffs doe not currently know the exact number of class members, Plaintiffs are informed and believe, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

      a.  Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

      b.  Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

      c.  Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;

      d.  Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

      e.  Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

      f.  Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

      g.  Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

      h.  Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

      i.  Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16. **Typicality:**  Plaintiffs' claims are typical of the other class members' claims.

Plaintiffs are informed and believe, and thereupon allege that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

17.  **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives and have no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

18.  **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

19.  **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20.  Plaintiffs worked for Defendants as a non-exempt employee during the relevant statutory periods.

21.  Defendants had a common policy and practice of systemically failing to pay Plaintiffs and Class members proper wages and overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiffs and Class Members, and upon which their

pay was based, and generally did so to the detriment of the Plaintiffs and Class Members, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Plaintiffs and Class members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiffs contend this policy is not neutral and results, over time, to the detriment of the Plaintiffs and Class members by systematically undercompensating them.

22. Next, Plaintiffs and Class Members were also consistently required to perform work, off-the-clock, for which they were not paid wages. First, Plaintiffs and Class Members were required to perform work duties prior to clocking in, including: helping customers who were waiting at the gate upon arrival to work; unloading trucks; and booting up their work computers, as well as the ADP software, in order to clock in. Plaintiffs and Class Members were also required to keep working after clocking out from their shifts, including having to answer phone calls and reviewing and replying to dispatches for the next work day.

23. Additionally, Defendants required Plaintiffs and Class Members to work through their unpaid meal periods, including having to perform work related duties, unload trucks, as well as keep and monitor company-issued radios throughout their unpaid meal periods.

24. Lastly, Plaintiffs and Class Members were required to be on call every other weekend. Defendants required that Plaintiffs and Class Members take their work cellular phones with them at the end of the workweek and monitor them constantly throughout the weekend. Additionally, Plaintiffs and Class Members were required to remain within a 30-mile radius from the place of their employment during the weekends when they were on call. On multiple occasions, Plaintiffs and Class Members received and responded to work-related telephone calls during the weekends when they were on call.

25. The forgoing and uncompensated working time was under the direction and control of Defendants, for which no wages were paid. This uncompensated time caused Plaintiffs and Class Members to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiffs and Class Members to minimum and overtime wages, which they

were systemically denied.

26. Defendants also failed to Plaintiffs and Class Members overtime wages at the proper and applicable regular rates of pay. Specifically, Plaintiffs and Class Members earned commissions, and performance-based non-discretionary bonuses in addition to their hourly pay. However, these supplemental earnings were not accounted for when determining Plaintiffs and Class Members' regular rates of pay, and respective and proper overtime rates of pay.

27. Defendants had a common policy and practice of systemically denying Plaintiffs and Class Members the opportunity to take meal periods in compliance with the California Law. Specifically, due to understaffing and heavy workloads, Plaintiffs and Class Members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Additionally, Plaintiffs and Class Members were denied the opportunity to take a second timely meal period prior to the completion of their tenth hour of work. Furthermore, Plaintiffs and Class Members were not relieved of all work duties during unpaid meal periods and were required to keep working during meal breaks including having to carry and monitor their radios and walkie-talkies during their meal and rest periods. This policy cause both the interruption and the shortening of the meal and rest periods that Plaintiffs and Class Members were entitled to in accordance with California law.

28. Plaintiffs and Class Members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Class Members of their meal and rest period rights; and (3) Defendants' practice of requiring putative class members to continue working through their meal and rest periods due to the excessive workload.

29. Defendants had a common policy and practice of systemically denying Plaintiffs and Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiffs and Class Members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more and the third rest break for shifts of ten (10) hours of more; (2) no formal compliant written rest period

policy that encouraged employees to take their rest periods, or that properly advised Plaintiffs and Class Members of their rest period rights; and (3) Defendants' policy and practice of requiring putative class members to continue working through their rest breaks due to the excessive workload, including monitoring their radios and walkie-talkies.

30. Furthermore, Defendants failed to pay Plaintiffs and Class Members premium pay wages at their appropriate regular rates of pay for each meal and rest period denied.

31. Plaintiffs and Class Members were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to issue wage statements as "a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." Additionally, the wage statements issued to Plaintiffs and Class Members were not recorded in "ink or other indelible form."

32. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

33. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

34. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

35. Defendants failed to comply with Labor Code section 226(a)(8) as the wage statements issues to Plaintiff and Class Members failed to state "the name and address of the legal entity that is the employer."

36. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

37. Furthermore, Defendants failed to provide Plaintiff and Class Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters.

Plaintiff's and Class Members' wage statement were only provided in electronic format in violation of Labor Code § 226.

38. Plaintiffs and Class Members were not reimbursed for business expenses incurred in executing their duties under Defendants' employ. Specifically, Plaintiffs and Class Members were required to use their personal cellular phone for work-related activities prior to the issuance of work cell phones several months into their employment with Defendants. Plaintiffs and Class members were not reimbursed for these necessary work-related expenses.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, 1174, and 1198)

### (Plaintiffs and Meal Period Sub-Class)

39. Plaintiffs incorporate by reference the preceding paragraphs of the Complaint as if fully alleged herein.

40. At all relevant times, Plaintiffs and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

41. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

42. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

43. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

44. Labor Code section 1198 makes it unlawful to employ a person under conditions that

violate the applicable Wage Order.

45. Section 11 of the applicable Wage Order states:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

46. At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement. Plaintiffs are informed and believe that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

47. Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order. Specifically, due to understaffing and heavy workloads, Plaintiffs and **Meal Period Sub-Class** members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work. Additionally, Plaintiffs and **Meal Period Sub-Class** members were denied the opportunity to take a second timely meal period prior to the completion of their tenth hour of work. Furthermore, Plaintiffs and **Meal Period Sub-Class** members were not relieved of all work duties during unpaid meal periods and were required to keep working during meal breaks including having to carry and monitor their radios and walkie-talkies during their meal and rest periods. This policy cause both the interruption and the shortening of the meal and rest periods that Plaintiffs and **Meal Period Sub-Class** members were entitled to in accordance with California law

48. Additionally, Defendants required Plaintiffs and **Meal Period Sub-Class** members to work through their unpaid meal periods, including having to perform work related duties, unload trucks, as well as keep and monitor company-issued radios throughout their unpaid meal periods.

///

49.     Plaintiffs and **Meal Period Sub-Class** members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised **Meal Period Sub-Class** members of their meal and rest period rights; and (3) Defendants' practice of requiring **Meal Period Sub-Class** members to continue working through their meal and rest periods due to the excessive workload.

50.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

51.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten (10) or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

52.     Moreover, Defendants' written policies fail to inform Meal period Class Members of their meal period rights under the Labor Code and applicable Wage Orders.

53.     At all relevant times, Defendants failed to pay Plaintiffs and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

54.     Pursuant to Labor Code section 204, 218.6, 226.7 and 512, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

55.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

///
///
///
///

# SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiffs and Rest Period Sub-Class)

56.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

57.     At all relevant times, Plaintiffs and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

58.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

59.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

60.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

61.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

62.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or major fraction thereof, as required by the applicable Wage Order.

63.     Plaintiffs and **Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second

rest breaks for shifts of six (6) hours or more and the third rest break for shifts of ten (10) hours of more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiffs and **Rest Period Sub-Class** members of their rest period rights; and (3) Defendants' policy and practice of requiring **Rest Period Sub-Class** members to continue working through their rest breaks due to the excessive workload, including monitoring their radios and walkie-talkies.

64. At all relevant times, Defendants failed to pay Plaintiffs and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

65. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

66. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiffs and Hourly Employee Class)

67. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

68. At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

69. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

70. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours

that an employer has actual or constructive knowledge that employees are working.

71.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

72.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

73.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

74.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

75.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

76.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

77.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

78.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours worked on the seventh consecutive day of one workweek.

79.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two (2) times their respective

regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

80. Plaintiffs are informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

81. At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

82. Plaintiffs and **Hourly Employee Class** members were not paid proper wages and overtime for all hours worked, at the proper rates of pay. First, Defendants implemented an unlawful time-rounding policy and practice which rounded down and reduced the actual working hours recorded by Plaintiffs and **Hourly Employee Class**, and upon which their pay was based, and generally did so to the detriment of the Plaintiffs and **Hourly Employee Class**, and these unlawfully rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. Defendants did so with the ostensible intent of paying Plaintiffs and **Hourly Employee Class** members only for the hours they were scheduled to work, rather than the hours they were actually under Defendants' control. Plaintiffs contend this policy is not neutral and results, over time, to the detriment of the Plaintiffs and **Hourly Employee Class** members by systematically undercompensating them.

83. Plaintiffs and **Hourly Employee Class** members were consistently required to perform work, off-the-clock for which they were not paid wages. First, Plaintiffs and **Hourly Employee Class** members were required to perform work duties prior to clocking in, including: helping customers who were waiting at the gate upon arrival to work; unloading trucks; and booting up their work computers, as well as the ADP software, in order to clock in. Plaintiffs and **Hourly Employee Class** members were also required to keep working after clocking out from their shifts, including having to answer phone calls and reviewing and replying to dispatches for the next work day.

84. Additionally, Plaintiffs and **Hourly Employee Class** members were required to be on

call every other weekend. Defendants required that Plaintiffs and **Hourly Employee Class** members take their work cellular phones with them at the end of the workweek and monitor them constantly throughout the weekend. Additionally, Plaintiffs and **Hourly Employee Class** members were required to remain within a 30-mile radius from the place of their employment during the weekends when they were on call. On multiple occasions, Plaintiffs and **Hourly Employee Class** members received and responded to work-related telephone calls during the weekends when they were on call.

85. This uncompensated time caused Plaintiffs and **Hourly Employee Class** members to work in excess of eight (8), ten (10), and twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiffs and **Hourly Employee Class** members to minimum and overtime wages, which they were systemically denied.

86. Defendants also failed to Plaintiffs and **Hourly Employee Class** members overtime wages at the proper and applicable regular rates of pay. Specifically, Plaintiffs and **Hourly Employee Class** members earned commissions, and performance-based non-discretionary bonuses in addition to their hourly pay. However, these supplemental earnings were not accounted for when determining Plaintiff and **Hourly Employee Class** members' regular rates of pay, and respective and proper overtime rates of pay.

87. As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

88. Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

89. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

///

///

# FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiffs and Wage Statement Penalties Sub-Class)

90.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

91.     Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

92.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic

statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

93.     Plaintiffs are informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Plaintiffs and **Wage Statement Class** members with written wage statements as described above. Additionally, the wage statements issued to class members failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

94.     Furthermore, Defendants failed to provide Plaintiffs and **Wage Statement Class** Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiffs' and **Wage Statement Class** members' wage statements were only provided in electronic format in violation of Labor Code § 226.

95.     Defendants failed to comply with Labor Code section 226(a)(8) as the wage statements issues to Plaintiffs and **Wage Statement Class** Members failed to state "the name and address of the legal entity that is the employer."

96.     Plaintiffs are informed and believes that Defendants' failure to provide Plaintiffs and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

97.     Plaintiffs and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

98.     Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in

which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiffs and Waiting Time Penalties Sub-Class)

99.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

100.     At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

101.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

102.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

103.     Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all their final wages in accordance with the Labor Code.

104.     Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

105.     Plaintiffs are informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members has been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those

requirements.

106.    Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

107.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiffs and Reimbursement Class**)

108.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

109.    Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

110.    Plaintiffs and **Expense Reimbursement Class** members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiffs and **Expense Reimbursement Class** members were required to use their personal cellular phone for work-related activities prior to the issuance of work cell phones several months into their employment with Defendants. Plaintiffs and **Expense Reimbursement Class** members were not reimbursed for these necessary work-related expenses.

111.    Accordingly, Plaintiffs and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four (4) years of the date of the filing of the Complaint and until the date of entry of judgment.

112.    Plaintiffs, on behalf of themselves, and **Expense Reimbursement Class** members,

seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiffs and UCL Class)**

113.   Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

114.   Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

115.   Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

116.   California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

117.   Plaintiffs and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD, and SIXTH, causes of action herein.

118.   Plaintiffs lost money or property as a result of the aforementioned unfair competition.

119.   Defendants have or may have acquired money by means of unfair competition.

120.   Plaintiffs are informed and believe, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

121.   Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt

employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; and reimbursement for necessary business expenditures.

122. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code section 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

123. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiffs have suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of Defendants' conduct.

124. Plaintiffs are informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

125. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

126. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

127. Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

128. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order

permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

129.    Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

130.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

131.    Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

132.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

### EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

133.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

134.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 515, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2698, 2699, *et seq.*, and 2802.[1]

---

[1] Plaintiffs hereby reserve the right to seek penalties on behalf of all Aggrieved Employees, for Defendants' violations of the applicable provisions of the Labor Code, suffered by Aggrieved Employees, but not directly suffered by Plaintiffs under *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

135.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

136.     Plaintiffs, former employees against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c). Plaintiffs were employed by Defendants as non-exempt hourly employees in California. Aggrieved Employees include all non-exempt hourly employees of Defendants within the state of California from one year prior to the date of this letter and continuing through the present (Plaintiffs and Aggrieved Employees are collectively referred to herein as "Aggrieved Employees")

137.     Plaintiffs have complied with the procedures for bringing suit specified in Labor Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an intent to investigate.

138.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seek the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226.7, 226(a), 510, 512, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 2802:

   i. For violations of Labor Code §§ 201, 202, 203, 226.7, 1174, 1194, 1198 and 2802, one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

   ii. For violations of Labor Code § 203, a penalty in an amount not exceeding thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

   iii. For violations of Labor Code § 204, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully

withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

iv.    For violations of Labor Code § 223, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

v.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for each violation (penalties set by Labor Code § 226.3);

vi.    For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each employee for each initial pay period for which the employee was underpaid, and one hundred dollars ($100) for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558);

vii.    For violations of Labor Code § 1197, one hundred dollars ($100) for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional and two hundred and fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1197,

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1);

viii. Pursuant to Labor Code § 2699(g), Plaintiffs seek an award of reasonable attorneys' fees and costs in connection with Plaintiffs' claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, pray for relief and judgment against Defendants as follows:

a. An order that the action be certified as a class action;

b. An order that Plaintiffs be appointed class representatives;

c. An order that counsel for Plaintiffs be appointed class counsel;

d. Unpaid wages and overtime;

e. Actual damages;

f. Liquidated damages;

g. Unreimbursed expenses;

h. Restitution;

i. Declaratory relief;

j. Pre-judgment interest;

///
///
///
///
///
///
///
///
///
///

1    k.  Statutory penalties;

2    l.  Civil penalties;

3    m.  Costs of suit;

4    n.  Reasonable attorneys' fees; and

5    o.  Such other relief as the Court deems just and proper.

6

7  Dated:  August 16, 2024                    D.LAW, INC.

8

9                                             /s/ *David Yeremian*

10                                            Emil Davtyan
                                              David Yeremian
11                                            David Keledjian
                                              David Arakelyan
12                                            Attorneys for Plaintiffs
                                              VICTOR MANUEL RAMIREZ, NORMAN
13                                            WISHTEYAH and the putative class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves, all other similarly situated, and the general public, hereby demand a jury trial on all issues so triable.

Dated:  August 16, 2024                D.LAW, INC.


_/s/ *David Yeremian*_
Emil Davtyan
David Yeremian
David Keledjian
David Arakelyan
Attorneys for Plaintiffs
VICTOR MANUEL RAMIREZ, NORMAN
WISHTEYAH and the putative class

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT